RIEMER & ASSOCIATES LLC
Attorneys for Plaintiff
Office and Post Office Address
60 East 42nd Street, Suite 2430
New York, New York  10165
(212) 297-0700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DESIREE ANDREWS                                                    05 CIV 02568 (LAK)(RLE)

                Plaintiff,                                     COMPLAINT

      -against-

METROPOLITAN LIFE INSURANCE COMPANY

                Defendant.
-------------------------------------------------------------------X

        Plaintiff Desiree Andrews, by her attorneys Riemer & Associates LLC, complaining of defendant alleges:

        1.       This is an action arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1001, *et. seq.,* to recover benefits due under an employee benefit plan, to clarify the rights of plaintiff to future benefits under such plan, and to recover attorney fees and costs.

        2.       This Court has subject matter jurisdiction pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under Section 502(f) of ERISA, 29 U.S.C. §1132(f), this Court has jurisdiction without respect to the amount in controversy or the citizenship of the parties.

        3.       Venue is properly in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Plan as hereinafter defined is administered in this district and the defendant resides or may be found in this district.

4.	At all relevant times, plaintiff was and is a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7), in the KPMG LLP Long Term Disability Plan (the "Plan").

5.	At all relevant times, the Plan is and has been an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1).

6.	At all relevant times, Metropolitan Life Insurance Company ("MetLife") is and has been the claims administrator of the Plan within the meaning of ERISA §3(16)(A), 29 U.S.C §1002(16)(A); and is and has been a fiduciary under the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C §1002(21)(A).

7.	The benefits under the Plan are funded by a policy of insurance issued by MetLife.

8.	Plaintiff was employed as Senior Manager at KPMG LLP.

9.	As an employee of KPMG LLP, plaintiff was provided with long term disability insurance coverage under the Plan.

10.	On January 31, 2001, plaintiff was severely injured in a car accident while performing the duties of her job.

11.	Plaintiff has remained totally disabled as a result of her injuries.

12.	On two occasions, plaintiff made unsuccessful attempts to return to work.

13.	In plaintiff's first attempt, which was during February 2001, she was unable to perform the duties of her occupation despite a combination of efforts to work from home.  Based on the recommendation of KPMG LLP's management, she took a medical leave of absence until February 2002.

14. In plaintiff's second attempt, which was during mid-February 2002, plaintiff returned to work with modified work duties and hours, but quickly realized that her continuing disabling pain and limited mobility prevented her from performing the duties of her occupation.

15. On February 25, 2002, plaintiff notified MetLife that she would be applying for long term disability benefits.

16. On February 28, 2002, plaintiff submitted her application for long term disability benefits.

17. During the period from February 25, 2002 and February 28, 2002, although plaintiff was paid, she did not perform the duties of her occupation. She worked almost entirely at home, and on February 28, 2002, plaintiff missed much of the day by going to a doctor's appointment.

18. Plaintiff did not perform any job duties either on or after March 1, 2002.

19. Plaintiff was not notified by KPMG LLP that it was terminating her employment until after plaintiff filed her long term disability application.

20. MetLife denied plaintiff's application for long term disability benefits.

21. By letter dated October 27, 2003, MetLife informed plaintiff that any appeal of its denial must be submitted within 180 days.

22. MetLife's October 27, 2003 letter did not inform plaintiff that the appeal was voluntary or that such an appeal was an accommodation to plaintiff.

23. At no place in the October 27, 2003 letter did MetLife inform plaintiff that her administrative remedies have been exhausted and/or that she could commence an action for benefits under ERISA.

24. By letter dated April 23, 2004, plaintiff appealed MetLife denial of benefits.

25. By letter dated April 28, 2004, MetLife acknowledged receipt of plaintiff's appeal and indicated that they will evaluate the documentation and advise plaintiff in writing within 45 days of their determination.

26. By letter dated July 9, 2004, MetLife informed plaintiff that they are continuing their review of plaintiff's appeal, and that they will need an additional 45 days to render a decision on the appeal.

27. By letter dated September 13, 2004, plaintiff wrote MetLife reminding them that more than two and one half months have elapsed since MetLife's July 9, 2004 letter without MetLife rendering a determination.

28. By letter dated October 8, 2004, plaintiff wrote MetLife indicating that if a determination were not rendered within 20 days, plaintiff would deem the appeal denied in accordance with the Department of Labor regulations.

29. MetLife has never issued a determination and has not responded to plaintiff's October 8, 2004 letter.

30. Plaintiff has complied with and exhausted all administrative appeals under the Plan.

COUNT I

31. Under the terms of the Plan, a disabled participant is entitled to a monthly benefit equal to 66.67% of pre-disability earnings.

32. From January 31, 2001, plaintiff has been totally disabled within the meaning of the Plan.

33. From January 31, 2001, plaintiff has not worked and has had no earnings.

34. MetLife's initial determination that plaintiff is not totally disabled within the meaning of the Plan is contrary to the terms of the Plan, contrary to the internal guidelines maintained by MetLife, contrary to the medical evidence, unreasonable, and arbitrary and capricious.

35. By failing to render a determination as to MetLife's April 23, 2004 appeal, plaintiff's appeal is deemed denied by operation of law.

36. Because plaintiff's appeal is deemed denied, her claim is subject to the Court's de novo standard of review.

37. Upon information and belief, MetLife has a conflict of interest.

38. Upon information and belief, MetLife's determination of plaintiff's claim for benefits was affected by its conflict of interest.

39. Under Section 502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), plaintiff is entitled to recover disability benefits under the Plan that have not been paid to date and those that will become due in the future.

## COUNT II

40. Plaintiff repeats and realleges the allegations of paragraphs 1 through 39 above.

41. By reason of MetLife's failure to pay plaintiff long term disability benefits as due under the terms of the Plan, plaintiff has been forced to retain attorneys to recover such benefits, for which plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and the costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, plaintiff demands judgment against MetLife:

A. For the amount of all long term disability benefits due under the terms of the Plan that have not been paid, together with interest thereon;

B. Clarifying and declaring that the Plan is obligated to pay plaintiff long term disability benefits in the future as required by the Plan;

C. For the costs of this action and plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. §1132(g); and

D. For such other and further relief as may be deemed just and proper by the Court.

Dated: New York, New York
       March 3, 2005

> RIEMER & ASSOCIATES LLC
> Attorneys for Plaintiff
> 60 East 42nd Street, Suite 2430
> New York, New York  10165
> (212) 297-0700
>
> By:_____/s/_____
>       Scott M. Riemer (SR5005)